UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Case No. 20 CR 77 |
| KENNETH D. COURTRIGHT, | : | |
| | : | Judge Matthew F. Kennelly |
| Defendant. | : | |
| | : | |

**NON-PARTY RECEIVER'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
PRODUCTION OF AND ACCESS TO DATA/DOCUMENTS [ECF NO. 77]**

Melanie E. Damian, the court-appointed receiver ("Receiver") in the Civil Enforcement

Action brought by the Securities and Exchange Commission ("SEC") against Todays Growth

Consultant, Inc. d/b/a the Income Store ("TGC") and Kenneth D. Courtright ("Courtright")

pending before the Honorable Judge Andrea Wood in the United States District Court for the

Northern District of Illinois, Eastern Division, styled *SEC v. Todays Growth Consultant, Inc. d/b/a*

*The Income Store and Kenneth D. Courtright, III,* Case No. 1:19-CV-08454 (the "SEC

Enforcement Action"), hereby specially appears before this Court as a non-party for the limited

purpose of filing this Response to Defendant Courtright's Motion to Compel Production of and

Access to Data/Documents [ECF No. 77] (the "Motion") and, without waiving and hereby

preserving all jurisdictional arguments and defenses to the Defendant's Motion, states as follows:

I.    INTRODUCTION AND SUMMARY

The Receiver and her retained counsel in the SEC Enforcement Action were contacted by

counsel to Defendant Courtright in this action seeking production and access to TGC's data and

documents of which the Receiver is acting custodian and which the Receiver obtained, preserved,

and imaged during the coordinated execution of the mandates of the District Court's Order Appointing Receiver ("Appointment Order") [SEC Enforcement Action at ECF No. 19]. Despite not having been served with a subpoena requesting the documents and data as is required for production from a non-party, the Receiver, as an agent of the District Court, attempted in good faith to work with Defendant's counsel to provide a detailed explanation as to the documents and data in the Receiver's possession and where and how it is preserved and maintained, and to propose several arrangements by which Courtright and his counsel could access such documents and data in the Receiver's possession. The Receiver has provided reasonable and detailed responses to Defendant's counsel's requests and has explained at lengths in both phone conferences and email exchanges that certain of the documents and information in the Receiver's possession are incapable of being uploaded to a document review platform and that, as the utmost concern to the Receiver, the Receivership Estate cannot bear the significant cost to process and upload any such files not already on the Receiver's document review and management platform (Relativity). As it is the Receiver's understanding that Courtright is already in possession of documents and data provided by both the SEC and the United States Attorney's Office [*see* Government's Response to the Motion at ECF No. 79], the Receiver must request that this Court deny the Defendant's Motion preventing the Receivership Estate, which was established to help make whole the victims of the Defendant's alleged fraud, from incurring the burden of significant discovery costs associated with the Defendant's requests in this action, to which the Receiver is neither a party nor a duly-subpoenaed third-party.

## II.    RECEIVER'S RESPONSE TO DEFENDANT'S MOTION

### A.  Failure to Issue Non-Party Subpoena and Violation of the Appointment Order

As an initial matter, the Defendant filed his Motion to Compel without first issuing a non-party subpoena requesting the documents and data discussed in his Motion in compliance with Federal Rule of Criminal Procedure 17.   Without a proper request for documents made via subpoena on a non-party to this action, this Court lacks jurisdiction over the Receiver and the Receivership Estate to order production of documents and data.  *See Finnegan v. Myers*, No. 3:08-cv-503-RL-CAN, 2014 U.S. Dist. LEXIS 204437 (N.D. Ind. Feb. 18, 2014) ("To secure discovery from a non-party, parties must issue a subpoena to the non-party. Fed. R. Civ. P. 45(a)(2)(C)" *citing Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 n.7 (W.D. Pa. 2005)*; see also Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734 (N.D. Ill. 2016) ("a court must have personal jurisdiction to order compliance with a discovery request.") *citing Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) ("A court or agency in the United States, when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action or investigation[.]"(citation omitted).

Further, the relief sought by the Defendant violates the provisions of the Appointment Order, specifically the provisions granting the District Court presiding over the SEC Enforcement Action exclusive jurisdiction over the assets of TGC and over any proceeding involving the Receiver.  *See* SEC Enforcement Action, ECF No. 19 at pp. 2, 15.  Additionally, the Appointment Order prohibits interference with the District Court's exclusive jurisdiction over the Receivership Estate and includes a stay of all ancillary proceedings as to the Receiver and the Receivership Estate, which includes any legal actions of any nature involving, among other things, the Receiver

in her capacity as Receiver. *See id.* at pp. 14-15. As such, if the Defendant wishes to seek production of the documents and data in the possession of the Receiver as identified in his Motion, then the Defendant is required to appeal to the District Court presiding over the SEC Enforcement Action and request leave of Court to interfere with the District Court's exclusive jurisdiction, as set forth in the Appointment Order, and request or seek to compel such production from the Receiver.

### B. The Receiver Has Offered Reasonable Accommodations to the Defendant's Many Requests

The Defendant's Motion seeks an order compelling the Receiver to produce several tranches of documents and information. Each of the requested items highlighted in the Defendant's Motion were discussed between the Receiver's counsel, Defendant's counsel, and the United States Attorney's Office both via email and by telephone call on April 20, 2022, during which the Receiver's counsel proposed several methods by which the records could be produced. Rather than provide the Receiver time to speak with her retained professionals including her two separate forensic IT consultants to finalize the procedure and confirm the timing to produce the documents requested, Defendant filed his Motion to Compel on April 25, 2022.

While the Receiver is not privy to exactly what documents and information were exchanged between the Defendant and the United States Attorney's Office, the government's response to the Defendant's Motion [ECF No. 79] is correct in its characterization of the information on the Receiver's Relativity database – it largely consists of TGC's records produced to the SEC in response to a subpoena request for documents which were then produced back to the Receiver as part of the SEC's Rule 26 initial disclosure production. The majority of these documents relate to email accounts associated with twenty-three (23) separate custodians from TGC. However, all documents and data included in the SEC's Rule 26 initial disclosure

production are not on the Receiver's Relativity platform. Therefore, it is the Receiver's understanding that the Defendant is in possession of the SEC's entire Rule 26 initial disclosure production as provided by the SEC and the United States Attorney's Office and, as such, Defendant's counsel would be better served by accessing and processing the documents already in his possession rather than being granted access to the Receiver's Relativity platform.

It is important to note that the Receiver's Relativity platform does not contain all documents, data, and information forensically imaged by the Receiver's forensic IT professionals. As communicated to Defendant's counsel, a large majority of TGC's documents, data, and information in the Receiver's possession are in the format of a forensic image file which, due to technical reasons associated with this file type, cannot be hosted on the Relativity platform. Despite this technical limitation, the Receiver offered to have these forensic images copied onto a hard drive and provided to Defendant at the Defendant's cost.

This is also true of TGC's Zoom recordings in the possession of the Receiver. Again, the government's response to the Defendant's Motion [ECF No. 79] correctly describes these files. The Zoom files in the Receiver's possession only capture the audio calls that were recorded and saved by TGC representatives and that were available to be downloaded and preserved by the Receiver. Audio files cannot be uploaded to the Relativity platform. The Zoom files are voluminous in size, they are audio files only, they cannot be searched, and they are not organized or titled in a way that provides any identifying information about the individuals on the call or the duration, the date, or the subject matter of the call. Despite the technical limitations associated with the Zoom files, the Receiver offered to have these files copied onto a hard drive and provided to Defendant, again at Defendant's cost.

Further, while it is the Receiver's understanding that the email accounts included on TGC's Google Suite were in fact produced to the SEC in response to its subpoena, such that they would be included in the SEC's Rule 26 initial disclosure production to the Defendant and the United States Attorney's Office, the Receiver nonetheless offered to provide to Defendant's counsel, at Defendant's cost, copies of the accounts on TGC's Google Suite by way of PST files which can be uploaded and searched directly in Microsoft Outlook. The Receiver conferred with her forensic IT consultant and was advised that, short of providing the Estate's login credentials for all of TGC's email accounts still in use (including those used to facilitate the digital asset sale and through which the Receiver communicates with her IT professionals and asset brokers), it is not possible to grant administrative access to these accounts, nor would doing so be appropriate given their use by the Receiver and her professionals during the pendency of the Receivership. The PST files for these accounts would include any emails still in existence pre-Receivership.

As a final matter, the Defendant's Motion mischaracterizes the nature of the corrupt and password protected files. The documents, data, and information that are in the Receiver's possession and were provided to the SEC are unaltered and unmodified. The Receiver's forensic IT professionals captured and preserved images of TGC's data and information at the time of the execution of the Appointment Order and the data was not and has not been altered or modified since then. As such, if the Defendant is experiencing issues with corrupt or password protected files, then those issues existed at the time the data was preserved by the Receiver's professionals and the Receiver is unable to provide any other version of this data.

Pursuant to the Appointment Order, the Receiver is required to, among other things, preserve, locate, and marshal assets for the benefit of the Estate and its claimants, including the investors who were allegedly defrauded by Defendant. As such, in the event that this Court orders

the Receiver to produce documents and data, the Receiver respectfully requests that the Defendant be required to pay for the costs associated with facilitating such production. Otherwise, funds that would otherwise be distributed to allowed claimants of the Estate or used to pay long-outstanding fees and costs of the Receiver's professionals, would be diminished for a matter that does not benefit the Estate or its claimants and in a manner inconsistent with the Appointment Order.

This 3rd day of May, 2022.

Respectfully submitted,

**DAMIAN & VALORI, LLP**
*Counsel for Melanie E. Damian, Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com

*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*
*Generally admitted in the N. Dist. Of Ill.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on May 3, 2022 on all counsel or parties who have appeared in the above-styled action.

*/s/Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
*Counsel for Melanie E. Damian,*

7

*Court-Appointed Receiver*

*General Admission to the N.D. Ill.*