IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 20 CR 77 |
| ) | Judge Kennelly |
| KEN COURTRIGHT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SUPPLEMENT TO HIS MOTIONS *IN LIMINE***

Defendant, Ken Courtright, by and through his undersigned counsel, respectfully moves this Court, *in limine*, and files this Supplement to his previously filed Motions *in Limine* (see Dkt. No. 116), and states as follows as his additional Motions *in Limine* Nos. 6 and 7:

**6. The Government Should Be Barred From Referring To Mr. Courtright's Company As A "Ponzi Scheme" Or "Ponzi-Like," And The References In The Indictment Using Those Terms Should Be Redacted**

The Government should be barred from calling or characterizing Mr. Courtright's former business as a "Ponzi scheme" or "Ponzi-like." As previously noted, the Government will not be calling any expert witness to opine on or explain what those terms and concepts mean. More importantly, as also previously noted, those terms are incredibly highly charged and prejudicial. The mere mention of those terms conjures up entirely, and unfairly, prejudicial images – including those recently arising out of the *Madoff* case and documentaries and television programs about it. Those preconceived notions are premised upon cases and factual circumstances that have nothing to do with the present case, and bear no resemblance to it. Moreover, the Government need not prove that the entity at issue was a "Ponzi scheme" or "Ponzi-like," but of course would like to use those terms because they too understand the highly

charged and negative impact it will have upon the jury.

For those reasons, pursuant to Rule 402 and Rule 403, the Government should be barred from using these terms at any time at trial.

Indeed, there is precedent from within this District from barring the Government from using there terms at trial *See United States v. Malarz, et. al.*, 13 CR 864-2, at Dkt. No. 47 (Judge Lee) ("... For the reasons stated on the record, Defendants motion *in limine* to preclude any references to 'Ponzi' or 'Ponzi scheme' is granted pursuant to Fed. R. Evid. 403").[1]

For the same reasons, any references to "Ponzi scheme" or "Ponzi-like" should be redacted out of the Indictment, in the event the Indictment is going to go back to the jury for deliberations.

7. **The Government Should Be Barred From Introducing Any Evidence That Any Person, Including Any Of Its Lay Witnesses, Entered Into Settlement Agreements, Or Paid Any Monies As Settlement, As A Result Of The Pending (And Stayed) SEC Action**

In the previously referenced SEC matter, which is pending but stayed because of the present case, the Receiver has entered into settlement agreements with various individuals and entities - including former employees and consultants of Mr. Courtright's former company. Those agreements, and the payment of any monies arising from them, are entirely irrelevant to the present case, and should be barred under Rule 402. Moreover, any claimed limited relevance is substantially outweighed by the danger of unfair prejudice to Mr. Courtright and juror confusion, and thus should also be barred pursuant to Rule 403. The only possible way that they should or could be referenced would be by defense counsel on cross-examination to attempt to show a witness' bias against Mr. Courtright.

---

[1] Defendant would *not* be offering any testimony through its expert witness on what constitutes a Ponzi scheme, or applying that concept to this case, in the event the Government is barred from introducing any evidence of it or using the terms "Ponzi" or "Ponzi-like."

**WHEREFORE**, Mr. Courtright, by and through his undersigned counsel, respectfully requests the entry of an Order, *in limine*, granting him the relief requested above, and for such other and further relief as is appropriate.

                    **Respectfully submitted,**

                    **By: /s/ Michael I. Leonard**
                          **Counsel for Mr. Courtright**

**LEONARD TRIAL LAWYERS LLC**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardtriallawyers.com

**CERTIFICATE OF SERVICE**

    The undersigned states that, on March 7, 2023, he EFILED by way of this Court's ECF filing system, the above Motion, and therefore served it upon all counsel of record.

                    **By:/s/ Michael I. Leonard**
                          **Counsel for Mr. Courtright**