UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH D. COURTRIGHT | No. 20 CR 77<br><br>Judge Matthew F. Kennelly |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE/DUTY OF CONFIDENTIALITY**

The United States of America, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby files this supplemental motion *in limine* regarding waiver of the attorney-client privilege/duty of confidentiality for an attorney defendant has disclosed as a potential defense witness.

On March 20, 2023, defendant filed his proposed jury instructions. In those proposed instructions, defendant included a modified version of Seventh Circuit Pattern Instruction 6.12, titled Reliance on Advice of Counsel. In addition, in his witness list, defendant included Mike Polachek, who is an attorney that performed work for, and provided legal advice to, defendant's company, Today's Growth Consultant, and defendant personally. Polachek appears to be the only attorney on defendant's witness list. Thus, based on these filings, it appears that defendant intends to advance a defense that he relied on advice Polachek provided.

A defendant is entitled to a theory of defense instruction when "(1) the instruction is a correct statement of law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *United States v. Dickey*, 52 F.4th 680, 686 (7th Cir. 2022) (*quoting United States v. Brown*, 865 F.3d 566, 571 (7th Cir. 2017)). Advice of counsel can be a defense to fraud charges when the following elements are established:

> (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.

*United States v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007); *see also*, Seventh Circuit Pattern Jury Instruction 6.12, Reliance on Advice of Counsel (2022).

It is well settled that the attorney-client privilege is waived when a client asserts defenses "that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 (7th Cir. 1995). "A party cannot use the attorney-client privilege as both a shield and a sword." *United States v. Kmart Corporation*, No. 12 CV 881, 2017 WL 3034342, at *2 (S.D. Ill. July 17, 2017) (*citing DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015 WL 5123652, at *4 (N.D. Ill. Sept. 1, 2015)). "[A]dvice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication." *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994). As the Third Circuit has explained:

> Finding a waiver of the attorney client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege. That is, in leaving to the client the decision whether or not to waive the privilege by putting the attorney's advice in issue, we provide certainty that the client's confidential communications will not be disclosed unless the client takes an affirmative step to waive the privilege, and we provide predictability for the client concerning the circumstances by which the client will waive that privilege. This certainty and predictability as to the circumstances of a waiver encourage clients to consult with counsel free from the apprehension that the communications will be disclosed with their consent.

*Id.*

Here, defendant intends to place advice he and / or TGC received from Polachek at issue in this case, and to advance a theory that Polachek's advice negated his mental state. As a result,

2

the Court should find that the attorney-client privilege as well as any duty of confidentiality as it relates to information that Polachek provided to defendant has been waived. With such a waiver, the government can interview Polachek to determine whether the elements of an advice of counsel defense can be met in this case.[1]

The government is aware that the Receiver in the SEC's case has, in some instances, determined that she can waive TGC's privilege as to certain communications with attorneys, and has chosen to do so. While the precise extent of that waiver is unclear, the waiver appears broad. The Receiver produced to the SEC over 1,000 emails between Polachek and TGC employees, a substantial portion of which discuss legal advice provided to TGC and / or defendant. It is also unclear whether defendant and Polachek would agree that the Receiver's waiver of TGC's privilege also operated as a waiver of privilege as to defendant. Left unaddressed, this uncertainty would lead to confusion and wasted time during trial because the Court could be required to address numerous privilege objections during Polachek's testimony.

Through this motion, the government does not seek to have defendant disclose his theory of an advice of counsel defense, or facts that support it. Instead, the government seeks only a finding that the attorney-client privilege and duty of confidentiality have been waived because defendant has chosen to raise an advice of counsel defense. Such a finding at this stage in the case will eliminate the prospect of unfair surprise and allow for an orderly trial in which both parties have full access to information.

---

[1] In a discovery letter produced to defense counsel on February 15, 2022, the government requested, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), the opportunity to inspect and copy any tangible item or document that may be offered as an exhibit at trial. (*See* Doc. #111, Ex. B.) To date, defense counsel has not provided any materials under Rule 16 related to Polachek or any other witness.

As explained in the cases above, the attorney-client privilege cannot be both a sword and shield. Given defendant's plan to assert an advice of counsel defense, the government should have access to the same information that he does.

WHEREFORE, the government respectfully requests that this Court grant this motion and find that, if defendant intends to advance an advice of counsel defense, the attorney-client privilege and duty of confidentiality has been waived with respect to communications defendant had with Polachek.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: /s/ Jason A. Yonan
JASON A. YONAN
Assistant U.S. Attorney
219 S. Dearborn St, Rm. 500
Chicago, Illinois 60604
(312) 353-0708

Dated: March 23, 2023