IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 20 CR 77 |
| | ) | Judge Kennelly |
| KENNETH COURTRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S *AGREED* MOTION FOR LEAVE TO FILE, *INSTANER*, REPLY IN SUPPORT OF MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant, Kenneth Courtright, by and through his undersigned counsel, respectfully moves this Court for leave to file, instanter, the following Reply in support of his Motion for Judgment of Acquittal (*see* Dkt. No. 168):

1. Defendant first acknowledges, as correctly pointed out by the Government in its Response, that the wire transactions need only be in furtherance of the alleged scheme.

2. However, the Government continues to want to have it both ways: it relies upon the language of the agreements that the site partners executed to the extent that language supports its claims of fraud, but simultaneously asks this Court to entirely ignore the other language contained within those same agreements, i.e., the "draw" provisions.

3. In addition, the Government argues in its Response that a key materially false statement was that the site partners "could" (*see* Government's Response) make their guaranteed monthly minimums based upon "overages" alone. But that alleged statement, made only to some of the site partners, was merely predictive and not specific enough to support either a scheme or a false representation.

4. Moreover, the statements about the Company's financial condition – tethered to the vague language in the contracts that the Government tactically chose not to address by way of witness testimony at trial, were not false (if at all in light of the vague language of the agreements) until very late in the life of the Company. Therefore, those statements could *not* form the basis for many of the Government's Counts. In other words, only those Counts regarding the November and December 2019 time period.

5. The Government nonetheless claims that: 1) "the jury **did not require** testimony about the meaning of any terms to conclude that defendant falsely represented TGC's financial health;" and 2) "[t]here was evidence from which the jury could reasonably conclude that TGC was not in satisfactory financial condition throughout the time-period of the charged scheme." *See* Government's Response (emphasis added).

6. The Government does not offer any explanation for its bald claim that the jury did not require testimony about any of the meanings of any of the terms in the agreements. Those terms are not self-explanatory.

7. The Government does not offer any rationale for the proposition that the jury could make a determination that the very particularized terms in the agreements, i.e., including "insolvent," had or had not been met. In short, whether a company is or was "solvent" (in a wholly undefined fashion, without a definition) is not a determination that a layperson can make without some standard and/or expert testimony. The Government chose not to call any witnesses to explain what "insolvent" or any of the other undefined terms in the agreements meant. The Government cannot make up for that failure by now arguing that those terms are commonplace, and thus that any person off the street (most importantly jurors) is able to define and apply them. Further, the fact that site partners' monies essentially went into a pool (bank account) to be

paid out again does not make the Company "insolvent," nor does that satisfy the other wholly undefined terms in the agreements.

8. Thus, the Government's position that the jurors were entitled to simply ignore the specific language of the agreements at issue, and that, "[A] reasonable jury could easily conclude that TGC was not in "good financial condition," is wholly insufficient. "Good financial condition" does not appear in the agreements. The question is not what the jurors could have reasonably concluded in general and in a vacuum; the question is what could the jurors have reasonably concluded by *applying the particular terms in the agreements*. Again, it cannot be that the Government can present a contract; point to very particular terms within it; and then ask the jury and this Court to ignore those particular terms to the extent that doing so fails to support the Government's position.

7. Finally, with respect to Count VII, criminal liability cannot attach where, as here, a sophisticated investor voluntarily chose to make an investment – knowing full well that he should not and after being specifically advised not to do so.

**WHEREFORE**, Mr. Courtright, by and through his undersigned counsel, respectfully requests that this Court enter an Order granting Defendant's Motion for Judgment of Acquittal, and for such other and further relief as is appropriate.

        **Respectfully submitted,**

        By: **/s/ Michael I. Leonard**
          **Counsel for Mr. Courtright**

**LEONARD TRIAL LAWYERS LLC**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)

mleonard@leonardtriallawyers.com

<b><u>CERTIFICATE OF SERVICE</u></b>

 The undersigned states that, on October 16, 2023, he EFILED by way of this Court's ECF filing system, the above Motion and therefore served upon it upon all counsel of record.

          **By:/s/ Michael I. Leonard**
          **Counsel for Mr. Courtright**