# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KENNETH D COURTRIGHT | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:20-CR-00077(1)<br>USM Number: 54903-424<br><br>Marko Andrew Duric<br>Defendant's Attorney |

**Date of Original Judgment: 1/22/2024**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)     which was accepted by the court.
☒ was found guilty on count(s) one (1), two (2), three (3), four (4), five (5), six (6), and seven (7) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 1 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 2 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 3 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 4 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 5 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 6 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 7 |

The defendant is sentenced as provided in pages 2 through 12 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s)
☐ Count(s) «dismissd_counts» dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 31, 2024
Date of Imposition of Judgment

/s/ signature
Signature of Judge

Matthew F. Kennelly, United States District Judge
Name and Title of Judge

1-31-2024
Date

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 2 of 18 PageID #:1274

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 2 – Imprisonment
Judgment – Page 2 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Ninety (90) months as to counts one (1), two (2), three (3), four (4), five (5), six (6) and seven (7) of the indictment. The terms are to run concurrently.

- [x] The court makes the following recommendations to the Bureau of Prisons: In view of the significant restitution obligation, the Court recommends that the defendant be designated to FPC Pensacola due to the opportunity to be employed while incarcerated. Any costs of imprisonment are waived due to the defendant's inability to pay.

- [ ] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at          on
  - [ ] as notified by the United States Marshal.

- [x] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [x] before 2:00 pm on 3/14/2024
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____
_____
_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 3 of 18 PageID #:1275
ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release Judgment – Page 3 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Two (2) years as to counts one (1), two (2), three (3), four (4), five (5), six (6) and seven (7) of the indictment. The terms of supervised release are to run concurrently. Any costs of supervision are waived due to the defendant's inability to pay.

The court imposes those conditions identified below:

**During the period of supervised release:**
1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) any profession involved in advertising or sales of securities.

3. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity.

4. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%), and from any use of a narcotic drug or other controlled substance, as defined in §102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner.

5. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

7. The defendant shall report to a probation officer as directed by the court or a probation officer.

8. The defendant shall permit a probation officer to visit him at a reasonable time at any location the probation officer may enter by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

9. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 4 of 18 PageID #:1276

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 3 – Supervised Release  Judgment – Page 4 of 12

DEFENDANT:  KENNETH D COURTRIGHT
CASE NUMBER:  1:20-CR-00077(1)

10. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

11. The defendant shall satisfy such other special conditions as ordered below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 300 hours.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless he is in compliance with the financial obligations imposed by this judgment.

3. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

4. Within 72 hours of any significant change in the defendant's economic circumstances that might affect his ability to pay restitution, fines, or special assessments, he must notify the probation officer of the change.

5. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of his gross earnings minus federal and state income tax withholdings.

6. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 5 of 18 PageID #:1277

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties
Judgment – Page 5 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# *CRIMINAL MONETARY PENALTIES*

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $700.00 | $68,756,361.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ *The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

MB $100,000.00
WT $289,248.00
AS $341,654.00
SA $85,000.00
NM $595,475.00
SR $19,500.00
JG $87,500.00
SM $76,250.00
MG $691,663.00
AA $10,462.00
NM $109,500.00
AK $18,000.00
AA $209,800.00
DA $490,417.00
QT $152,000.00
AL $21,428.00
WM $119,024.00
HS $86,250.00
KD $75,663
AA $172,500
AO $88,750
MK $422,664
SJ $108,750
FB $61,250
GB $33,750
DM $97,500
SB $173,000
BJ $126,750
BA $133,340
BR $170,830
CB $178,664
YP $146,250
BR $68,122
JJ $763,656
PB $44,154
BE $85,000
BR $623,995
BK $881,000
WH $365,000
BD $62,271
GR $146,000
BA $83,200

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 6 of 18 PageID #:1278
ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties                                                              Judgment – Page 6 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

| | |
|---|---|
| BR | $185,000 |
| CB | $133,325 |
| BD | $80,000 |
| BT | $113,772 |
| BJ | $37,557 |
| BE | $140,830 |
| GC | $311,622 |
| SE | $146,000 |
| WC | $35,100 |
| HD | $264,957 |
| CC | $97,500 |
| CD | $90,000 |
| CC | $104,522 |
| CJ | $81,250 |
| PB | $408,326 |
| CJ | $86,250 |
| CJ | $175,000 |
| CJ | $81,250 |
| CT | $110,933 |
| TJ | $423,219 |
| CT | $441,662 |
| CN | $86,250 |
| CE | $76,250 |
| CJ | $93,750 |
| CC | $88,750 |
| CM | $97,000 |
| CN | $200,000 |
| CP | $288,994 |
| BC | $180,000 |
| CD | $305,138 |
| DT | $3,250,000 |
| AD | $154,489 |
| TT | $106,500 |
| SD | $93,750 |
| BR | $372,081 |
| KD | $108,625 |
| SD | $197,500 |
| DD | $462,750 |
| FA | $105,499 |
| PJ | $117,000 |
| DJ | $113,251 |
| DA | $20,166 |
| DS | $39,858 |
| DJ | $1,398,470 |
| MD | $330,247 |
| CB | $78,989 |
| DW | $97,000 |
| MM | $1,182,000 |
| PC | $185,000 |
| EC | $200,000 |
| EE | $33,740 |
| OE | $483,337 |
| NF | $111,325 |
| DM | $250,000 |
| CR | $86,250 |
| FS | $51,848 |
| FT | $28,248 |
| FP | $60,997 |
| FC | $133,340 |
| FE | $109,158 |

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 7 of 18 PageID #:1279
ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties Judgment – Page 7 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

```
FC  $92,500
FB  $200,000
AM  $175,997
FM  $314,024
FR  $257,500
BR  $97,500
WJ  $231,536
FG  $41,477
JW  $107,807
FG  $141,325
FS  $439,499
FS  $54,333
SC  $86,250
AE  $846,800
NG  $86,250
GN  $5,739
LE  $148,580
OD  $125,625
GN  $50,611
HG  $78,750
GG  $157,328
GK  $86,966
GE  $149,327
GD  $62,000
GJ  $408,326
GR  $36,992
FJ  $197,499
MD  $130,656
GS  $36,991
FC  $86,250
HR  $274,984
PA  $250,000
HM  $130,655
HD  $96,250
HT  $197,333
HC  $165,329
HN  $72,428
HB  $100,000
HJ  $85,000
HB  $80,000
HS  $91,250
HJ  $100,000
HK  $289,291
HK  $91,250
HD  $233,330
HA  $76,250
HV  $695,998
MB  $81,162
TZ  $349,000
IL  $60,728
LT  $42,014
MJ  $707,862
GR  $178,664
MJ  $416,660
BL  $299,995
LB  $481,500
JC  $92,500
JP  $88,750
BA  $297,134
JS  $161,000
```

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 8 of 18 PageID #:1280
ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties                                            Judgment – Page 8 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

- JT $33,125
- SJ $488,750
- TN $167,000
- PG $328,988
- JM $232,144
- MS $72,499
- KP $240,000
- WK $50,799
- KS $100,000
- KK $96,250
- KS $62,662
- KC $34,814
- KD $106,500
- PG $328,998
- TK $37,557
- HJ $473,561
- SR $466,664
- KC $23,125
- HS $177,500
- KM $64,999
- SJ $93,750
- KC $417,500
- SD $82,500
- LR $35,735
- LR $85,000
- LK $168,330
- LL $97,500
- LD $170,000
- LM $93,750
- GL $255,587
- LD $57,499
- LK $118,990
- LL $21,875
- LM $355,000
- LM $100,000
- DM $354,661
- HM $35,581
- SM $173,330
- MR $70,000
- WD $110,000
- MA $32,500
- MB $145,000
- MC $98,429
- MJ $151,994
- MJ $258,577
- MR $64,999
- MT $80,000
- MR $274,500
- WS $31,750
- FC $24,500
- MD $325,300
- MR $303,860
- MB $12,100
- MB $82,500
- MA $116,800
- MB $175,000
- LC $95,000
- MF $90,244
- MP $81,922
- MJ $29,891

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 9 of 18 PageID #:1281

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties  Judgment – Page 9 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

| | |
|---|---|
| MM | $44,750 |
| MD | $1,018,836 |
| MB | $36,991 |
| RM | $30,734 |
| BJ | $153,750 |
| MJ | $24,513 |
| JM | $26,987 |
| MM | $38,618 |
| ED | $250,000 |
| BM | $195,332 |
| NM | $193,724 |
| NZ | $167,328 |
| NQ | $24,371 |
| NK | $126,660 |
| HN | $118,125 |
| BD | $85,000 |
| VL | $91,250 |
| TK | $433,328 |
| OG | $175,997 |
| WA | $154,027 |
| OM | $90,000 |
| OZ | $259,500 |
| KP | $163,000 |
| VC | $151,250 |
| PA | $404,188 |
| VJ | $62,499 |
| PW | $18,022 |
| PG | $185,392 |
| PK | $100,000 |
| PA | $155,000 |
| PJ | $133,339 |
| PM | $93,750 |
| CP | $98,750 |
| PV | $114,450 |
| MC | $78,750 |
| MA | $167,000 |
| PH | $167,500 |
| CA | $70,000 |
| PW | $200,000 |
| WB | $3,304,373 |
| FD | $118,000 |
| QM | $433,328 |
| KQ | $22,892 |
| SR | $39,721 |
| NR | $292,500 |
| PJ | $206,922 |
| ST | $95,999 |
| DK | $85,000 |
| RR | $29,131 |
| RM | $95,000 |
| AM | $243,832 |
| RT | $49,875 |
| RT | $208,750 |
| RA | $179,161 |
| RB | $100,000 |
| RM | $76,250 |
| WJ | $88,750 |
| RT | $80,000 |
| RM | $43,328 |
| RS | $97,499 |

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 10 of 18 PageID #:1282

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties  Judgment – Page 10 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

| | |
|---|---|
| RI | $177,500 |
| RK | $716,560 |
| SS | $192,998 |
| CH | $98,750 |
| EA | $118,125 |
| SP | $67,000 |
| SD | $46,316 |
| SJ | $192,998 |
| SG | $60,000 |
| SK | $52,150 |
| SK | $34,282 |
| SM | $91,250 |
| YB | $82,656 |
| SF | $79,369 |
| SC | $31,000 |
| ZP | $46,025 |
| ST | $22,146 |
| HS | $77,500 |
| TG | $181,499 |
| QJ | $76,748 |
| SB | $33,634 |
| GD | $97,500 |
| SP | $383,324 |
| SG | $96,000 |
| VT | $283,000 |
| SO | $117,000 |
| SD | $86,250 |
| SE | $39,721 |
| SJ | $96,000 |
| FS | $159,995 |
| SJ | $173,330 |
| VJ | $114,063 |
| CS | $96,250 |
| BD | $100,000 |
| AM | $94,075 |
| HK | $100,000 |
| SR | $109,500 |
| SC | $83,750 |
| OT | $288,750 |
| VT | $135,000 |
| MA | $82,480 |
| TE | $99,000 |
| TC | $90,000 |
| BM | $50,500 |
| RB | $112,000 |
| CM | $168,750 |
| KR | $92,500 |
| PG | $70,000 |
| PW | $124,480 |
| FV | $78,750 |
| CT | $195,332 |
| TT | $80,000 |
| TJ | $82,999 |
| DE | $100,000 |
| SE | $46,730 |
| TS | $120,000 |
| NJ | $223,500 |
| LC | $72,032 |
| TR | $219,916 |
| VS | $79,761 |

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 11 of 18 PageID #:1283

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 5 – Criminal Monetary Penalties  Judgment – Page 11 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

PP  $172,500
BA  $76,250
VE  $141,994
VC  $240,500
VP  $93,750
EK  $83,750
SJ  $372,332
SW  $35,365
BB  $158,311
WJ  $141,156
WJ  $329,500
WR  $71,212
HR  $260,750
CD  $100,000
WB  $96,249
WB  $38,197
GD  $87,500
SB  $490,249
EL  $122,250
WN  $85,000
WL  $50,799
WR  $100,000
WT  $139,360
MD  $431,958
YB  $103,118
YR  $53,426
ZK  $86,250
ZJ  $36,449
ZT  $469,002
ZM  $170,000
MR  $88,500
CJ  $244,333
QJ  $195000
Cardiac Education Resources $120,008
RF  $238578

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the 　　　.

　　☐ the interest requirement for the 　　　 is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 1:20-cr-00077 Document #: 202 Filed: 01/31/24 Page 12 of 18 PageID #:1284

ILND 245C (Rev. 03/12/2020) Amended Judgment in a Criminal Case (Note: Identify Changes with Asterisks (*))
Sheet 6 – Schedule of Payments                                                                                    Judgment – Page 12 of 12

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# *SCHEDULE OF PAYMENTS*

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ *Lump sum payment of $68,757,061.00 due immediately.

    ☐ balance due not later than ____, or

    ☒ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ ____ over a period of ____ (e.g., months or years), to commence ____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ *Special instructions regarding the payment of criminal monetary penalties: The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of his gross earnings minus federal and state income tax withholdings. The defendant shall receive credit for all the money returned in SEC v. Today's Growth Consultant Inc. and Kenneth D. Courtright, III, 19-CV-8454, regardless of when that recovery and disbursement was made.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**

**Total Amount**

**Joint and Several Amount**

**Corresponding Payee, if Appropriate**

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>KENNETH D COURTRIGHT | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 1:20-CR-00077(1)<br><br>USM Number: 54903-424<br><br>Marko Andrew Duric<br>Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)     which was accepted by the court.

☒ was found guilty on count(s) one (1), two (2), three (3), four (4), five (5), six (6), and seven (7) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 1 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 2 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 3 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 4 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 5 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 6 |
| 18 U.S.C. § 1343 Wire Fraud | 11/15/2019 | 7 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ The forfeiture allegation is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

January 18, 2024
Date of Imposition of Judgment

Signature of Judge
Matthew F. Kennelly, United States District Judge
Name and Title of Judge

1-22-2024
Date

Case 1:20-cr-00077 Document #: 295 Filed: 03/22/24 Page 14 of 68 PageID #:2286
ILND 245B (Rev. 03/12/2020) Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment – Page 2 of 6

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Ninety (90) months as to counts one (1), two (2), three (3), four (4), five (5), six (6) and seven (7) of the indictment. The terms are to run concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons: In view of the significant restitution obligation, the Court recommends that the defendant be designated to FPC Pensacola due to the opportunity to be employed while incarcerated. Any costs of imprisonment are waived due to the defendant's inability to pay.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ on _____

   ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☒ before 2:00 pm on 3/14/2024

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows: _____

_____

_____

Defendant delivered on _____ to _____ at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Two (2) years as to counts one (1), two (2), three (3), four (4), five (5), six (6) and seven (7) of the indictment. The terms of supervised release are to run concurrently. Any costs of supervision are waived due to the defendant's inability to pay.

The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

# DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip him for employment.

2. The defendant shall refrain from engaging in the following occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in the following specified occupation, business, or profession only to a stated degree or under stated circumstances; (if checked yes, please indicate restriction(s)) any profession involved in advertising or sales of securities.

3. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity.

4. The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%), and from any use of a narcotic drug or other controlled substance, as defined in §102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner.

5. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

6. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

7. The defendant shall report to a probation officer as directed by the court or a probation officer.

8. The defendant shall permit a probation officer to visit him at a reasonable time at any location the probation officer may enter by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

9. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

10. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

11. The defendant shall satisfy such other special conditions as ordered below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)
The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 300 hours.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of a probation officer unless he is in compliance with the financial obligations imposed by this judgment.

3. The defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of supervised release.

4. Within 72 hours of any significant change in the defendant's economic circumstances that might affect his ability to pay restitution, fines, or special assessments, he must notify the probation officer of the change.

5. The defendant shall pay to the Clerk of the Court any financial obligation ordered herein that remains unpaid at the commencement of the term of supervised release, at a rate of not less than 10% of the total of his gross earnings minus federal and state income tax withholdings.

6. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $700.00 | $.00 | $.00 | $.00 | $.00 |

☒ The determination of restitution is deferred. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to **18 U.S.C. § 3664(i)**, all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant **to 18 U.S.C. § 3612(f)**. All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to **18 U.S.C. § 3612(g)**.

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the           .

☐ the interest requirement for the         is modified as follows:

☐ The defendant's non-exempt assets, if any, are subject to immediate execution to satisfy any outstanding restitution or fine obligations.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KENNETH D COURTRIGHT
CASE NUMBER: 1:20-CR-00077(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $700 due immediately.

    ☐ balance due not later than     , or

    ☐ balance due in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal     *(e.g. weekly, monthly, quarterly)* installments of $     over a period of     *(e.g., months or years)*, to commence     *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within     *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**     **Total Amount**     **Joint and Several Amount**     **Corresponding Payee, if Appropriate**

**See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.